UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


EVANSTON INSURANCE COMPANY, )
                            )
            Plaintiff,      )
                            )    CIVIL ACTION NO.
VS.                         )
                            )    3:16-CV-2626-G
THE ALDEN ROOFING COMPANY,  )
LLC, ET AL.,                )
                            )
            Defendants.     )


MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's motion for summary judgment (docket entry 29). For the reasons stated below, the plaintiff's motion is granted.

I. BACKGROUND

The plaintiff, Evanston Insurance Company ("Evanston"), brought this action seeking a judgment declaring that it has no duty to defend the insured, Omar Soto ("Soto") and The Alden Roofing Company, LLC ("Alden"), in a pending state court

action.[1]  *See generally* Evanston's Complaint and Request for Declaratory Judgment ("Complaint") (docket entry 1). On May 8, 2015, Evanston issued a one-year general liability insurance policy to Soto, who owns a residential roofing business.[2] See *id.* ¶ 8 (citing Exhibit A). On July 13, 2015, Jose Valdez-Arevalo ("Valdez-Arevalo") fell and was injured while working on a roof for Soto. Brief in Support of Its Motion for Summary Judgment ("Evanston's Brief") at 4 (docket entry 25); Appendix in Support of Evanston's Motion for Summary Judgment ("Appendix") at 62-63 (docket entry 27).

The plaintiffs in the state court action, Valdez-Arevalo and his wife Carolina Garcia ("Garcia"), assert claims for negligence against Soto and are seeking monetary damages.[3] *Id.* at 65-66. Specifically, Valdez-Arevalo and Garcia assert that Soto failed to provide Valdez-Arevalo with a safe work area and the requisite safety equipment. See *id.* at 63-64. Soto and Alden have requested defense and indemnity

---

[1] *Jose Valdez-Arevalo, et al. v. The Alden Roofing Company, LLC*, Cause No. DC-16-01508, pending in the 116th Judicial District of the District Court of Dallas County, Texas.

[2] Alden is named as an "Additional Insured" under the policy, but only with respect to claims arising from acts or omissions of Soto and only when coverage applies to Soto. *See* Appendix at 52. Alden became an "Additional Insured" after Soto entered into a subcontract with Alden. *See* Evanston's Brief at 4.

[3] Specifically, Valdez-Arevalo and Garcia seek damages for loss of companionship and consortium, mental anguish, pecuniary loss, household services, pain and suffering, physical impairment, loss of earning capacity, medical expenses, and the cost of retrofitting the plaintiffs' residence. *Id.* at 65-66.

from Evanston under the policy in the state court action. Complaint ¶ 9. Evanston agreed to defend Soto subject to a reservation of rights.[4] *Id.* ¶ 11.

Evanston commenced this action on September 13, 2016, seeking a declaration that it has no duty to defend or indemnify Soto or Alden in the state court action. *Id.* ¶¶ 12-20. On February 22, 2017, Evanston filed the instant motion for summary judgment. Evanston's Motion for Summary Judgment (docket entry 29). The defendants did not file a response. The motion is now ripe for decision.

## II. ANALYSIS

### A. Legal Standards

#### 1. *Summary Judgment*

Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), (c)(1).[5] A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue as to a material fact is

---

[4] Evanston is not currently defending Alden because Alden is no longer a party in the state court action. *Id.* ¶ 11.

[5] Disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; see also *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham."). To demonstrate a genuine issue as to the material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). The nonmoving party must show that the evidence is sufficient to support the resolution of the material factual issues in his favor. *Anderson*, 477 U.S. at 249 (citing *First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 288-89 (1968)).

When evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)). However, it is not incumbent upon the court to comb the record in search of evidence that creates a genuine issue as to a material fact. See *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The nonmoving party has a duty to designate the evidence in the record that establishes the existence of genuine issues as to the material facts. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response

to the motion for summary judgment, that evidence is not properly before the district court." *Malacara*, 353 F.3d at 405.

2. *Duty to Defend*

Texas follows the "eight-corners" rule of insurance contract interpretation. See, *e.g.*, *GuideOne Elite Insurance Company v. Fielder Road Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006). This rule instructs courts to determine whether an insurer has a duty to defend based solely on the language contained within the four corners of the insurance policy and the allegations contained within the four corners of the plaintiff's pleadings. *Allstate Insurance Company v. Disability Services of the Southwest, Inc.*, 400 F.3d 260, 263 (5th Cir. 2005); *National Union Fire Insurance Company of Pittsburgh, Pa. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997) (per curiam). If the pleadings allege facts stating a cause of action that potentially falls within the insurance policy's scope of coverage, the insurer has a duty to defend. *Liberty Mutual Insurance Company v. Graham*, 473 F.3d 596, 600 (5th Cir. 2006). The duty is determined based on the presumption that the allegations in the plaintiff's pleadings are true. *Disability Services of the Southwest*, 400 F.3d at 263; *Fielder Road Baptist Church*, 197 S.W.3d at 308. The insured bears the initial burden of showing that there is coverage, while the insurer bears the burden of showing that any exclusion in the policy applies. *Trinity Universal Insurance Company v. Employers Mutual Casualty Company*, 592 F.3d 687, 691-92 (5th Cir. 2010). "If an insurer has a

- 5 -

duty to defend its insured against any portion of the underlying suit, then the insurer is required to defend the entire suit." *General Star Indemnity Company v. Gulf Coast Marine Associates, Inc.*, 252 S.W.3d 450, 455 (Tex. App.--Houston [14th Dist.] 2008, pet. denied).

A pair of countervailing considerations guides the court's review of the facts alleged within the four corners of the underlying pleadings. On the one hand, "the insurer's duty to defend is limited to those claims actually asserted in an underlying suit" and does not extend to "a claim that might have been alleged but was not, or a claim that more closely tracks the true factual circumstances surrounding the third-party claimant's injuries but which, for whatever reason, has not been asserted." *Pine Oak Builders, Inc. v. Great American Lloyds Insurance Company*, 279 S.W.3d 650, 655-56 (Tex. 2009). "If the petition only alleges facts excluded by the policy, the insurer is not required to defend." *Id.* at 655 (citation and internal quotation marks omitted). The court must not "(1) read facts into the pleadings, (2) look outside the pleadings, or (3) imagine factual scenarios which might trigger coverage." *Gore Design Completions, Limited v. Hartford Fire Insurance Company*, 538 F.3d 365, 369 (5th Cir. 2008) (citation and internal quotation marks omitted). On the other hand, the factual allegations that are contained within the pleadings must be liberally construed: "If the petition does not state facts sufficient to bring the case clearly within or outside the insured's coverage, the insurer is obligated to defend if

*potentially* there is a claim under the complaint within the coverage of the insured's policy." *Gulf Coast Marine Associates*, 252 S.W.3d at 454 (citing *Merchants Fast Motor Lines*, 939 S.W.2d at 141) (emphasis in original). A court may draw reasonable inferences from the pleadings that trigger an insurer's duty to defend, *id.* at 456, and doubts about whether "'the allegations of a complaint against the insured . . . [are] sufficient to compel the insurer to defend the action . . . will be resolved in [the] insured's favor.'" *Merchants Fast Motor Lines*, 939 S.W.2d at 141 (quoting *Heyden Newport Chemical Corporation v. Southern General Insurance Company*, 387 S.W.2d 22, 26 (Tex. 1965)). The net result is that insurers are advised to chart a cautious course: "When in doubt, defend," *Gore Design Completions*, 538 F.3d at 369.

B. Application

1. *Whether Evanston Has a Duty to Defend Soto*

Evanston contends that the policy specifically excludes coverage for Valdez-Arevalo and Garcia's claims against Soto. Evanston's Brief at 7. The policy states that the following is excluded:

"Bodily injury"[6] to:

---

[6] As defined in the policy, "'Bodily injury' means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." Appendix at 31. According to the Texas Supreme Court, the commonly understood meaning of the term "bodily [injury]" "implies a physical, and not purely mental, emotional, or spiritual harm." *Trinity Universal Insurance Company v. Cowan*, 945 S.W.2d 819, 823 (Tex. 1997).

>> (1) An "employee"[7], "volunteer worker" or "temporary worker"[8] of the Named Insured[9] arising out of and in the course of:
>>
>>> (a) Employment by the Named Insured; or
>>>
>>> (b) Performing duties related to the conduct of the Named Insured's business;
>>
>> (2) The spouse, partner, child, parent, brother, sister or any other relative of that "employee", "volunteer worker" or "temporary worker" as a consequence of Paragraph (1) above.
>
> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to an obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> This exclusion applies to any liability assumed under an "insured contract."

Appendix at 58. The policy also excludes:

> "Bodily injury" to any:
>
>> (1) Contractor or subcontractor while working on behalf of any insured;
>>
>> (2) Employee, volunteer worker, leased employee or temporary worker of such contractor or subcontractor; or

---

[7] "'Employee' includes a 'leased worker.' 'Employee' does not include a 'temporary worker.'" Appendix at 31.

[8] "'Temporary worker' means a person who is furnished to you to substitute for a permanent 'employee' on leave or to meet seasonal or short-term workload conditions." Appendix at 33.

[9] Soto is the "Named Insured." Appendix at 7.

> (3) Additional subcontractor, including employees, volunteer workers, leased employees or temporary workers of such contractor or subcontractor indicated in Paragraph (1) above.
>
> This exclusion applies:
>
>> (a) Even if the claim against any insured alleges negligence or other wrongdoing in the:
>>
>>> (i) Selection, hiring or contracting;
>>>
>>> (ii) Investigation;
>>>
>>> (iii) Supervision or monitoring;
>>>
>>> (iv) Training; or
>>>
>>> (v) Retention of any contractor or subcontractor for whom any insured is or was legally responsible and whose acts or omissions would be excluded by Paragraph (1), (2) or (3) above.
>>
>> (b) Whether the insured may be liable as an employer or in any other capacity;
>>
>> (c) To any obligation to share damages with or repay someone else who must pay damages because of the injury; and
>>
>> (d) To liability assumed by the insured under an "insured contract."

*Id.* at 58-59. After considering the relevant provisions of the policy, the court concludes that the policy unambiguously excludes coverage for any claim arising out

of injuries suffered by a worker on behalf of the insured. See *Essex Insurance Company v. Clark*, No. 3:09-CV-1196-B, 2010 WL 3911424, at *5 (N.D. Tex. Oct. 5, 2010) (Boyle, J.) ("Essex correctly interprets [the policy] to unambiguously bar coverage for bodily and personal injuries sustained by employees or contractors.").

Here, Evanston does not have a duty to defend Soto against Valdez-Arevalo and Garcia's negligence claims. In the state action, the plaintiffs specifically allege that Soto hired Valdez-Arevalo as a "temporary worker." Appendix at 63. Moreover, the plaintiffs allege that Valdez-Arevalo was working within "the course and scope of his *employment*." *Id.* at 62 (emphasis added). Because Valdez-Arevalo's injuries occurred while he was working for Soto, Valdez-Arevalo's injuries are excluded from the policy coverage. See *Essex Insurance Company*, 2010 WL 3911424, at *5.

Additionally, the policy excludes coverage for Garcia's alleged injuries. In the state court action, the plaintiffs do not allege that Garcia suffered any injuries covered by the policy: bodily injury, sickness, or disease. *See generally* Appendix at 61-67. Rather, Garcia seeks damages for mental anguish, loss of consortium, and other economic injuries. See *id.* at 65-67. Under Texas law, emotional injuries such as mental anguish are not considered bodily injuries in a commercial general liability policy. See *Cowan*, 945 S.W.2d at 823. Thus, Evanston has no duty to defend Soto against Garcia's claims.

2. *Whether Evanston Has a Duty to Defend Alden*

Evanston contends that it has no duty to defend Alden in the state court action. Evanston's Brief at 14-15. First, Evanston avers that because the policy does not afford coverage for Soto, Alden is also not entitled to coverage. See *id.* The policy explicitly states, "[w]hen coverage does not apply for [Soto], no coverage or defense shall be afforded to [Alden]." Appendix at 52. Accordingly, Evanston has no duty to defend Alden under this provision. Evanston also contends that the indemnity provision[10] of Soto's subcontract with Alden does not create a duty for

---

[10] That provision states,

> To the fullest extent permitted by law, the Subcontractor [Soto] will defend, indemnify and hold harmless the Company [Alden Roofing] and its agents and employees from and against any and all claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from Subcontractor's performance of Work under this Agreement, including the negligent acts or omissions of the Subcontractor, the Subcontractor's subcontractors, anyone directly or indirectly employed by them, or anyone for whose acts they may be liable, **regardless of whether or not such claim, damage, loss or expense is caused in part by Company, its agents or employees**.

Complaint ¶ 17 (citing Exhibit C) (bold in original).

Evanston to defend Alden. Evanston's Brief at 15-16; Complaint ¶ 17 (citing Exhibit C).

The policy states:

This insurance does not apply to:

> "Bodily injury" or "property damage" for which the insured *is obligated to pay damages by reason of the assumption of liability in a contract or agreement*. This exclusion does not apply to liability for damages:
>
> > (1) That the insured would have in the absence of the contract or agreement; or
> >
> > (2) Assumed in a contract or agreement that is an "insured contract"[11], provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable

---

[11] "Insured contract" means:

a. A contract for a lease of premises. . . . ;

b. A sidetrack agreement;

c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e. An elevator maintenance agreement.

Appendix at 31.

> attorney fees and necessary litigation
> expenses incurred by or for a party other than
> an insured are deemed to be damages because
> of "bodily injury" or "property damage",
> provided:
>
>> (a) Liability to such party for,
>> or for the cost of, that party's
>> defense has also been assumed
>> in the same "insured contract";
>> and
>>
>> (b) Such attorney fees and
>> litigation expenses are for
>> defense of that party against a
>> civil or alternative dispute
>> resolution proceeding in which
>> damages to which this insurance
>> applies are alleged.

Appendix at 20 (emphasis added). The court concludes that the policy excludes any liabilities that Soto assumed under the subcontract with Alden because the above provision clearly excludes liability assumed under a contract.

Moreover, Soto's subcontract with Alden does not fall within the exception in subsection (2) above because the subcontract does not appear to be an "insured contract." Soto entered into the subcontract with Alden to furnish services relating to roof repair. *See* Complaint ¶ 17 (citing Exhibit C). However, furnishing services relating to roof repair does not appear to be within the five categories of "insured contracts." *See* Appendix at 31.

Even if it is assumed *arguendo* that the subcontract could be considered an "insured contract," the policy excludes any liability acquired through an "insured contract" by an employee or a contractor at the time of his injuries. *See* Appendix at 58-59 ("This insurance does not apply to. . . . [a] [c]ontractor or subcontractor while working on behalf of any insured. . . . This exclusion applies . . . [t]o liability assumed by the insured under an 'insured contract.'"). Because Valdez-Arevalo was working either as an employee or a contractor at the time of his injury, *see* Appendix at 62-63, Evanston has no duty to defend Alden in the state court action.

### 3. *Evanston's Duty to Indemnify Soto or Alden*

Evanston contends that it has no duty to indemnify Soto or Alden for the same reason that it has no duty to defend: the negligent conduct giving rise to the state action is explicitly excluded from coverage under the policy. *See* Evanston's Brief at 17. A court may decide the duty to indemnify prior to the termination of the underlying litigation if "the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Markel American Insurance Company v. Verbeek*, 657 Fed. App'x 305, 311 (5th Cir. 2016) (quoting *Farmers Texas County Mutual Insurance Company v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997)). The court concludes that because the policy clearly excludes any coverage for the conduct giving rise to the underlying state court action, the policy also excludes any duty to indemnify Soto or Alden. See

*American States Insurance Company v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998) ("Logic and common sense dictate that if there is no duty to defend, then there must be no duty to indemnify."); *Atlantic Casualty Insurance Company v. PrimeLending*, No. 3:15-CV-1475-D, 2017 WL 951878, at *2 n.4 (N.D. Tex. Mar. 10, 2017) (Fitzwater, J.).

## III. CONCLUSION

For the reasons stated above, the plaintiff's motion is **GRANTED**. Judgment will be entered that Evanston has no duty to defend Soto or Alden in the underlying state court action.

**SO ORDERED**.

May 30, 2017.

*A. Joe Fish*
_____
**A. JOE FISH**
**Senior United States District Judge**